IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARRY A. MILLS and MARY F. MILLS,<br><br>Plaintiffs,<br><br>vs.<br><br>CAMPING WORLD RV SALES a/k/a CAMPING WORLD OF NEW JERSEY-LAKEWOOD, MEYER'S RV CENTERS, LLC,<br><br>Defendant. | Civil Action No.:<br>3:18-cv-02283(MAS)(TJB)<br><br>~~[PROPOSED]~~<br>**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT, AWARDING ATTORNEYS' FEES AND INCENTIVE PAYMENT** |

Before the Court is an application requesting an order finally approving the settlement as set forth in the Settlement Agreement by and between Defendant Meyer's RV Centers, LLC d/b/a Camping World RV Sales, improperly pleaded as Camping World RV Sales a/k/a Camping World of New Jersey-Lakewood, Meyer's RV Centers, LLC ("Plaintiffs" collectively with "Defendant" the "Settling Parties"), as fair, reasonable and adequate, certifying the settlement class, awarding attorneys' fees and costs to Class Counsel, and awarding an incentive payment to the Class Representatives.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** being required under Fed. R. Civ. P. 23(e)(2) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

AND THE COURT, having read and considered the Settlement Agreement and the papers filed by Settlement Class Counsel, having reviewed and considered Plaintiff's brief and the declarations submitted in support of the application, the oral arguments of counsel presented to the Court, if any, and all papers filed and proceedings had herein, and for good cause appearing, the Court finds the following:

1. This litigation was commenced on January 16, 2018, against Defendant Meyer's RV Centers, LLC d/b/a Camping World RV Sales, improperly pleaded as Camping World RV Sales a/k/a Camping World of New Jersey-Lakewood, Meyer's RV Centers, LLC (the "Defendant" or "Camping World") in the Superior Court of New Jersey, Law Division, Monmouth County, and removed to this Court by the Defendant.

2. In their class action First Amended Complaint, filed on March 30, 2018, Plaintiffs alleged that Defendant violated the New Jersey Automotive Sales Practices Regulations, N.J.A.C. 13:45A-26.1 to B.4 ("ASP Regulations"), the New Jersey Consumer Fraud Act, N.J.S.A. §56:8-1 *et seq.*, and the Truth-in-Consumer Contract, Warranty, and Notice Act, N.J.S.A. § 56:12-14 *et seq.* (TCCWNA).

3. Defendant has denied any and all claims, allegations of their wrongdoing and liability alleged in Plaintiffs' pleadings.

4. The parties entered into extensive arms-length negotiations including a successful mediation before Hon. Stephen M. Orlofsky, U.S.D.J., ret., that resulted in an executed MOU for a common fund class action settlement, and after continued negotiations and confirmatory discovery, ultimately resulted in the execution of the common fund class action Settlement Agreement now before the Court.

5. Plaintiffs and their counsel, who are experienced in the area of consumer class actions, have determined that the terms of the settlement, as expressed in this Settlement

Agreement, are adequate, fair, and reasonable and in the best interest of the proposed Settlement Class.

6. A copy of the executed Settlement Agreement has been filed as ECF Document 46-4.

7. The Settlement Class is defined as:

> All persons who purchased or leased a motor vehicle from Defendant at any time on or after January 16, 2012, the day six years prior the date the initial Complaint was filed who: (a) received from Camping World a sales document with terms the same or similar to the terms in the Purchase Agreement provided to Plaintiffs; and/or (b) were charged a "Documentation Fee" or similar fee for documentary services where the sales document used in the transaction did not set forth in writing the price for each specific documentary service performed.
>
> Specifically excluded from the Classes are any judges or magistrates involved in this matter.

8. The Court has considered the benefits that the settlement will confer on the Settlement Class, which is a Common Fund Settlement in the amount of $1,603,100.00 ($575.00 per class member) that shall be used to provide: (1) the cash component of the settlement to Settlement Class Members per account; (2) pay all the costs of Administering the Settlement including (a) the costs of providing Notice to the Settlement Class, (b) the costs of providing relief to Settlement Class Members, and (c) the fees and cost of the Settlement Administrator; (3) pay service awards to the Named Plaintiffs as awarded by the Court; and (4) pay the attorneys' fees and expenses of Class Counsel as awarded by the Court.

9. Members of the Settlement Class will automatically be directly mailed a check with no "claims made" process. Funds from any uncashed checks will be paid as a charitable contribution to Legal Services of New Jersey.

10. Pursuant to District of New Jersey Local Civil Rule 72.1(a), the Parties have consented to the jurisdiction of the Hon. Tonianne J. Bongiovanni, U.S.M.J.

11. On September 17, 2020, the Court held a hearing on Plaintiffs' application that the Court determine whether a front-end determination should be made that it was appropriate to send Notice to the proposed Settlement Class under Rule 23(c)((2)(B); to appoint Plaintiffs' Counsel as Interim Counsel to represent the proposed Settlement Class pursuant to Rule 23(g)(3); to schedule a hearing to determine if the proposed Settlement is fair, reasonable, and adequate pursuant to Rule 23(e)(2).

12. On September 17, 2020, the Court entered an order granting that application for such a front-end determination.

13. Pursuant to Fed. R. Civ. P. 23(g)(3), the Court appointed Plaintiffs' attorneys Andrew R. Wolf, Esq. and Bharati O. Sharma, Esq. of The Wolf Law Firm, LLC, and Ronald L. Lueddeke, Esq. and Karri Lueddeke, Esq. of The Lueddeke Law Firm to serve as Interim Counsel.

14. The Court appointed the American Legal Claims Services, LLC to serve as the Settlement Administrator and to be responsible for administering the Settlement Notice according to the terms set forth in the Settlement Agreement and as Ordered herein.

15. Pursuant to the Court's September 17, 2020 front-end Approval Order, Notice was mailed to 3,633 Class Members. The Settlement Administrator has reported to the Court that: the mailing was generally successful and that no Settlement Class Members requested to be excluded from the Settlement Class.

16. The Court and Class Counsel have not received any objections to the Settlement.

17. Plaintiffs now requests final approval of the Settlement.

18. The Court has considered the Settlement Agreement, the brief and declarations submitted in support of it, the accompanying documents and the record.

19. The Court finds that the Settlement Class has satisfied following prerequisites for class certification:

    a. The approximately 3,633 members of the above defined Settlement Class are so numerous that joinder of all members is impracticable.

    b. There are questions of law and fact common to the Settlement Class.

    c. The claims of the Class Representative are typical of the claims of the Settlement Class.

    d. The Class Representative fairly and adequately has represented the interests of the Settlement Class and that there are no conflicts of interest between the Class Representative and members of the Settlement Class.

    e. The Settlement Class's membership is readily ascertainable and has in fact been ascertained.

    f. The common issues of law and fact predominate over any questions affecting only individual members of the Settlement Class.

    g. Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the claims of Plaintiff and the Settlement Class.

20. The Court has found that the Settlement was negotiated at arm's length.

21. The Court has found that the relief provided to the Settlement Class is adequate, taking into account the following factors set forth in Rule 23(e)(2): (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the class, which involves direct relief without Settlement Class Members having to submit claims; and (iii) the terms of the proposed award of attorney's fees, including timing of payment.

22. The Court has determined that the Settlement treats Settlement Class Members equitably relative to each other.

23. The Court therefore finds that the Settlement is fair, reasonable and adequate.

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

24. The Court has jurisdiction over the subject matter of this matter and over all parties hereto pursuant to 28 U.S.C. § 1332(d).

25. The Settlement Class is certified accordance with Federal Rule of Civil Procedure ("Rule") 23(a) and 23(b)(3).

26. Pursuant to Fed. R. Civ. P. 23, the Court finds that Plaintiffs Harry A. Mills and Marry F. Mills fairly and adequately represents and protects the interests of the Settlement Class and appoints them as Class Representative.

27. The Court has considered: (i) the work performed by Interim Class counsel in identifying or investigating potential claims in the action; (ii) the experience of Interim Class Counsel in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) Interim Class Counsel's knowledge of the applicable law; and the resources that Interim Class Counsel have and will continue to commit to representing the class, the Court appoints Interim Class Counsel Plaintiff's attorneys Andrew R. Wolf, Esq. and Bharati O. Sharma, Esq. of The Wolf Law Firm, LLC, and Ronald L. Lueddeke, Esq. and Karri Lueddeke, Esq. of The Lueddeke Law Firm to serve as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

28. Notice of the Settlement has been provided in accordance with the Front-End Approval Order. The Certification of Jeffrey Pirrung, attesting to the dissemination of the class notice demonstrates this compliance. Such notice has been provided in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances in compliance with the requirements of Rule 23(c)(2)(B). The Notice apprised the members of the Settlement Class of the pendency of the litigation, of all material elements of the proposed settlement, of the *res judicata* effect on the members of the Settlement Class, and of their opportunity to opt out of the settlement, to comment on and object to the settlement, and to appear at the Fairness Hearing. Full opportunity has been afforded to the members of the Settlement Class to participate in the Fairness Hearing.

29. No Class members requested to be excluded from the Settlement.

30. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the final hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

31. The Court, having reviewed the terms of the Class Action Settlement Agreement submitted by the parties pursuant to Fed. R. Civ. P. 23(e)(2) finds that the settlement is fair, reasonable and adequate and meets the requirements of Fed. R. Civ. P. 23(e)(2) and **grants** final approval of the Class Action Settlement Agreement. The terms of the Class Action Settlement Agreement are hereby approved, adopted, and incorporated by the Court.

32. The Settling Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the settlement in accordance with this Order and the terms of the Class Action Settlement Agreement.

33. Pursuant to the Class Action Settlement Agreement, Plaintiffs and the Settlement Class Members release claims as follows:

<u>As to Plaintiffs:</u>

> Upon the Final Approval Date, Plaintiffs, for themselves, their heirs, successors and assigns, shall and will have released, relinquished, remised, acquitted, and forever discharged the Released Parties of and from any and all claims, counterclaims, causes of action, rights, remedies, liabilities, debts, demands, costs, expenses, attorneys' fees, set-offs, damages, lawsuits, losses, and third party actions of any kind whatsoever, in law of in equity for any relief whatsoever, including all claims for declaratory relief, injunctive relief, statutory damages, punitive damages, rescission, general, compensatory, special, indirect, incidental, consequential, or liquidated damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether known or unknown, matured or un-matured, foreseen or unforeseen, suspected or unsuspected, accrued or unaccrued, based on any federal, state, or local law, statute, regulation, or common law, arising out of, or in any way connected to, (1) the claims that were made or could have been made in the Complaint or Amended Complaint concerning the

subject matter of the Complaint, including, but not limited to, any and all claims relating to Defendants' alleged violations of the New Jersey Automotive Sales Practices Regulations, N.J.A.C. 13:45A-26.1 to B.4 ("ASP Regulations"), the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 *et seq.*, and the Truth-in-Consumer Contract, Warranty, and Notice Act, N.J.S.A. 56:12-14 *et seq.* ("TCCWNA").

As to the Settlement Class:

Upon the Final Approval Date, all Settlement Class Members other than Plaintiffs, for themselves, their heirs, successors and assigns, will have released, relinquished, remised, acquitted, and forever discharged the Released Parties of and from any and all claims, counterclaims, causes of action, rights, remedies, liabilities, debts, demands, costs, expenses, attorneys' fees, set-offs, damages, lawsuits, losses, and third party actions of any kind whatsoever, in law or in equity, for any relief whatsoever, including all claims for declaratory relief, injunctive relief, statutory damages, punitive damages, rescission, general, compensatory, special, indirect, incidental, consequential, or liquidated damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether known or unknown, matured or unmatured, foreseen or unforeseen, suspected or unsuspected, accrued or unaccrued, based on any federal, state, or local law, statute, regulation, or common law, that Plaintiffs on behalf of the Settlement Class Members asserted or could have asserted in the action captioned Mills v. Camping World RV Sales, Case No. 3:18-cv-02283-MAS-TJB, limited to and only in connection with the allegations and practices described in Counts 1 & 2 of the Amended Complaint relating to the charging of "Documentation Fee" or similar fee for documentary services where the sales document used in the transaction did not set forth in writing the specific documentary service and the price for each specific documentary service performed. This limited release specifically excludes any and all claims related to "Public Officials & Fees" as set forth in Counts 1 & 2 of the Amended Complaint.

34. The Court approves the $20,000.00 payment to Plaintiffs Harry A. Mills and Mary F. Mills ($10,000.00 each) from the Settlement Fund as full settlement of their individual claims and as service award for their efforts on behalf of the Settlement Class. This payment will be made pursuant to the terms of the Settlement Agreement.

35.  The Court approves the $19,900.00 payment to the American Legal Clam Services, LLC, the Settlement Administrator from the Settlement Fund. This payment will be made pursuant to the terms of the Settlement Agreement.

36.  As set forth in the Settlement Agreement, funds from uncashed checks shall be paid as a *cy pres* award to "Legal Services of New Jersey" in Edison, New Jersey, which the Court finds to be an appropriate *cy pres* recipient. The Court directs Class Counsel to disburse payment in accordance with the terms of the Settlement Agreement.

37.  The Court, after careful review of the time entries and rates requested by Class Counsel, and after applying the appropriate standards required by relevant case law governing attorneys' fees awards as a percentage of a common fund and a lodestar cross check, hereby awards Class Counsel a total of $540,000.00 as reasonable attorneys' fees and costs, not including costs of settlement administration.

38.  The payment of attorneys' fees and costs shall be made pursuant to the terms of the Settlement Agreement.

39.  The Amended Complaint is hereby dismissed with prejudice in its entirety and without costs as to Meyer's RV Centers, LLC d/b/a Camping World RV Sales, improperly pleaded as Camping World RV Sales a/k/a Camping World of New Jersey-Lakewood, Meyer's RV Centers, LLC

40.  The Court reserves jurisdiction over the consummation and enforcement of the settlement in accordance with the Settlement Agreement and the provisions of this Order.

41.  A copy of this Order shall be served on counsel for all parties *via CM/ECF*.

_____
HONORABLE TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE